### C. A. AND LUCINDA DALTON v. S. D. RAINEY.

No. 2868.

1. **Construction of Contract.**—Time was extended by written agreement for payment of balance on a note past due in the following words: "If you will extend time for payment of this balance for one year I will and do hereby agree to pay twelve per cent interest per annum on this amount from this-date until paid." The extension was allowed. *Held*, that the twelve months extension must date from the date of the agreement to extend time, and not from the date when the note then past due matured..

2. **Costs.**—The failure of the trial court to tax the costs of an amended pleading properly will not be revised on appeal when no objection was made in the District Court.

3. **Order of Sale.**—A decree foreclosing a vendor's lien and ordering a sale of land should direct the sale to be made in the county in which the land is situate. Such sale in a different county would be a nullity.

4. **Principal and Surety—Release.**—The doctrine that releases a surety on account of dealings between the creditor and the principal debtor applies only to those who are in that attitude at the date of such dealings.

5. **Release—Vendor's Lien.**—When an express lien for the unpaid purchase money for land is reserved in the deed, such lien can be enforced against the land, though transferred to a subsequent purchaser, and after an agreement between the original vendor and the obligor in the purchase money notes for an extension of time for payment; and this though the subsequent purchaser was not privy to the agreement to extend time, and the obligor became insolvent before the expiration of the period of extension.

6. **Vendor and Vendee—Vendor's Lien.**—A vendor who retains an express lien to secure a purchase money note can not, as against the land and a purchaser from his vendee, enforce payment of attorney fees which were not stipulated for in the original note, but the payment of which were stipulated for in a new contract with the original vendee as a condition to extend time of payment; such extension of time not being given with the knowledge or consent of the subsequent purchaser.

APPEAL from .Hunt. Tried below before Hon. E. W. Terhune.

The opinion states the case.

*Hood, Lanham & Stephens,* for appellants.— 1. The court erred in its

thirteenth conclusion of fact in construing the written instrument, dated May 30, 1887, to mature twelve months from 10th of March, 1887, instead of twelve months from its date, and therefore in not holding that this suit was brought before the debt sued on was due.

2. Land in Texas must be sold at forced sale in the county where situated. Rev. Stats., art. 1340.

3. The judgment is erroneous in adjudging all the cost of the suit, including that of making Simmons a party, against the Daltons, especially as suit was brought before maturity of debt.

4. The court erred in the fourth conclusion of law in holding plaintiff entitled to a foreclosure of his alleged lien on the land described in his petition, and in not refusing said foreclosure on the following grounds, to-wit: The contracts, dated March 29, 1886, and May 30, 1887, made between plaintiff and Simmons without the consent of the Daltons, by which a binding contract for twelve months extension, with an increased rate of interest, was secured and the original terms of purchase changed to the prejudice of said Daltons, being new and binding contracts, superseded the original contract of sale and hence constituted the only existing contract between said Simmons and plaintiff to be enforced, and the same could not be enforced against said Daltons because made after the Daltons acquired the title and possession of Simmons, of which plaintiff had notice. Claiborne v. Birge, 42 Texas, 101; 57 Texas, 369; Wofford v. Unger, 55 Texas, 480; Brandt on Guar. and Sure., secs. 21, 22, 24, 261, 296.

5. Said extension of time on the original notes being made for a valuable consideration, without the consent of the Daltons and after they had acquired all the rights of said Simmons in the land, of which plaintiff had notice, took from said Daltons their right at any time to pay off said notes and be subrogated to the rights of said plaintiff against said Simmons. Albion v. Burns, 46 N. Y., 176; Smith v. Townsend, 25 N. Y., 479; 1 Jones on Mort., 74; 2 Id., 942.

6. On the effect of insolvency [as stated in opinion]. 2 Jones on Liens, sec. 1117; 69 Texas, 518, 519; 2 Pome. Eq., secs. 803–5, 809.

7. In support of judgment as to attorney fees. Waites v. Osborne, 66 Texas, 649; 70 Texas, 132; 60 Texas, 253; Summerhill v. Hanner, 72 Texas, 224; 2 Jones on Liens, sec. 1084.

*Grubbs & Hefner,* for appellee.—1. Where a person has contracted in writing to perform an obligation in any particular county, the obligation may be enforced either in that county or where the defendant has his domicile. Rev. Stats., art. 1198, sec. 5; Durst v. Swift, 11 Texas, 273; Bigham v. Talbot, 51 Texas, 450; Cohen v. Munson, 59 Texas, 236.

2. Land in the possession of a subsequent purchaser with notice of the unpaid purchase money is subject to the payment of the purchase

money and all costs of suit.    Autrey v. Whitmore, 31 Texas, 627; Mc-
Alpine v. Burnett, 23 Texas, 650; Peters v. Clements, 46 Texas, 115;
Briscoe v. Bronaugh, 1 Texas, 326; Baker v. Ramey, 27 Texas, 53.

3.    A vendor of land has a lien upon it as long as he shows no pur--
pose of releasing the land and taking other security.    Wasson v. Davis,.
34 Texas, 159; Dibbrell v. Smith, 40 Texas, 447; Irvin v. Garner, 50
Texas, 48; Ellis v. Singletary, 45 Texas, 27; Slaughter v. Owens, 60
Texas, 668; White v. Downs, 40 Texas, 225.

4.    The appellants purchased the land from A. S. Simmons, with full
notice of the unpaid purchase money, and the land is subject to the pay-
ment of the notes and satisfaction of the vendor's lien expressly retained
in the deed to Simmons.    Roosevelt v. Davis, 49 Texas, 463; Peters v.
Clements, 46 Texas, 115; Williams v. Murphy, 36 Texas, 167; Price v.
Lauve, 49 Texas, 74; Burford v. Rosenfield, 37 Texas, 42; Flanagan v.
Cushman, 48 Texas, 241; White v. Downs, 40 Texas, 234–36.

HENRY, Associate Justice.—On the 10th day of March, 1883, A. S.
Simmons purchased from appellee a tract of land lying in Palo Pinto
County, for which appellee executed to him a deed.

The consideration for the land was correctly recited in the deed as fol-
lows:    " Eight thousand one hundred and sixty-two dollars, payable as.
follows:    One thousand dollars cash, and four promissory notes, bearing
even date with instrument, for seventeen hundred and ninety dollars and
fifty cents each, with interest from date until March 10, 1884, at the rate
of eight per cent per annum, and ten per cent per annum after that date.
until paid; and to secure the payment of said notes a special vendor's lien
is retained on land herein conveyed; the first note becoming due and pay-
able on March 10, 1884; the second, March 10, 1885; the third, March
10, 1886; and the fourth, March 10, 1887."

This deed contained no recital showing that said notes contained a stip--
ulation for the payment of attorney fees, and it was never recorded.

The first two of the notes were paid off at maturity.

This suit was brought for the collection of the two that matured last.

The notes were made payable in Hunt County, Texas, and contained a.
promise to pay an attorney fee of ten per cent on their amount in case suit.
should be instituted for their collection.

By some arrangement between Simmons and S. H. Milliken the latter
became the owner of an equitable interest of one-half in the land, but he
seems never to have had a deed for it.

On the 8th day of October, 1884, Simmons, joined by Milliken, sold
the land to appellants for a cash consideration, and executed to them a.
general warranty deed, which was duly recorded in Palo Pinto County on
the 26th day of December, 1884.

The Daltons did not assume the discharge of the unpaid purchase

money, but received from Simmons and Milliken their written obligation to protect them from loss on account of said notes. The Daltons lived on the land from the date of their purchase. Simmons and Milliken were solvent at the time when they sold to the Daltons, and remained so until June, 1887, since when nothing could be made out of either of them.

On May 30, 1887, Simmons executed to appellee a written statement of his indebtedness by reason of the note that matured on the 10th day of March, 1886, showing that with interest calculated up to said date, and after allowing him all payments, he was by said note owing on said date a balance of $1838.25. Said statement was signed by Simmons, and contained a promise in the following words: "If you will extend time for payment of this balance for one year I will and do hereby agree to pay twelve per cent interest per annum on this amount from this date until paid."

And on the same date Simmons executed to appellee the following instrument: "If you will extend for one year the note for $1790.50, which was given by me on 10th March, 1883, and which matured on 10th March, 1887, I will and hereby do agree to pay interest at the rate of twelve per cent per annum on amount of this note and interest at maturity from maturity until paid."

Rainey instituted suit in the District Court of Hunt County against Simmons and the Daltons to recover the amount of the notes and interest according to the said agreements, and attorney fees as stipulated for in the original notes, and for foreclosure of vendor's lien for all of said amounts.

The original petition was filed on the 23d day of April, 1888. It was substituted by an amended original petition filed on the 15th day of January, 1889.

The judge filed his conclusions of law, in substance, as follows:

1. That plaintiff is entitled to recover judgment against defendant Simmons for the amount due on the notes, the interest to be computed at the increased rate agreed upon, and for attorney fees.

2. That the Daltons having purchased the land in 1884 are not liable for interest beyond what was originally contracted for, and they are not liable for attorney fees, because the deed to Simmons did not specify them as being part of the consideration for the land, and it is not shown that they had actual notice that the notes contained such a stipulation when they purchased and paid for the land.

3. That plaintiff is entitled to have a foreclosure of his vendor's lien as against the Daltons for the amount due upon the notes, estimating interest according to their face, and not including attorney fees.

A decree was rendered in pursuance of these conclusions, and an order of sale was directed to be issued to Hunt, or to Palo Pinto County, as the plaintiff's attorney might direct. Both parties assign errors.

The first error assigned by appellants is that the court erred in construing the written instruments dated the 30th day of May, 1887, to mature twelve months from the 10th day of March, 1887, instead of twelve months from the date of said instruments, and therefore in not holding that this suit was commenced before the debts were due.

We think appellants are correct with regard to the instrument relating to the note originally made payable in 1886, and that it was not due when the original petition was filed, but, as we have stated, an amended original petition was filed on the 15th day of January, 1889, by leave of the court, and the cause of action having in the meantime accrued, the objection was cured.

It would have been proper for the court to have taxed plaintiff with costs of the amendment when it was allowed, but in the absence of anything to show a demand for such a ruling, the one made must be treated as having been acquiesced in by the parties.

The direction that the order of sale might issue to either Hunt or Palo Pinto County is assigned as error. As the land lies in Palo Pinto County the order of sale should have been directed to that county alone. · We think the error an immaterial one.

It does not follow that the land lying in Palo Pinto County may be sold in Hunt County because the order of sale shall be issued to that county. Such a sale would be a nullity, notwithstanding the order of sale may be addressed to the sheriff of Hunt County by the judgment of the court. The judgment does not require the order of sale to be addressed to the sheriff of Hunt County unless the plaintiff's attorney shall so direct. As there could not be a lawful sale made under it in that county, it is not likely that plaintiff's attorney will direct it to be sent there. If it shall be, we do not see that it can involve more than the additional cost of issuing the writ to that county and its return, and if defendants shall be taxed with such costs they may be relieved from them by a motion to retax the costs.

Appellants contend that the contracts of extension operated to deprive them of their right to pay off the notes at their maturity and before their own vendors became insolvent; and that as they were made without their consent, they ought in equity to be held to have a good defense against the assertion of the vendor's lien upon the land.

It is well settled that a binding agreement for an extension of the time for payment made between the creditor and principal debtor will release a personal surety who did not consent to the extension.

It is equally well settled that property mortgaged by a wife for the debt of her husband, or by any person to secure the debt of another—the mortgagor not being bound for the debt, or if bound, only as a surety—will be treated as a surety and released under the same circumstances that a personal surety would be.

In this case a vendor's lien was expressly retained in the deed. Under repeated decisions of this court the title remained in the appellee until the purchase money was paid. If the purchase money was not paid, he had until he finally enforced his remedy by a decree of court the right to elect whether he would treat the land as a security or sue for its recovery.

Whatever may be the rule in other cases with regard to property purchased from a mortgagor standing in the attitude of a surety toward a creditor who has notice of the purchase, in view of the equitable doctrine ·of subrogation (about which we now express no opinion), it can not be held consistently with former decisions of this court with regard to this character of title that the land in controversy at the date of the extension agreement occupied toward appellee the position only of a surety, such as would release it because of such extension.

The docrine that releases a surety on account of dealings between the creditor and the principal debtor applies only to those who are in that attitude at the date of such dealings.

Appellee complains because judgment foreclosing his lien was not entered for attorney fees as specified in the notes, and for the increased rate ·of interest contracted for after the Daltons purchased.

It is a very clear proposition that the debt for which the land purchased by the Daltons was bound could not be increased after their purchase by other parties without their consent.

In the absence of notice to the contrary, they had the right to assume that the deed to their vendor correctly stated all of the unpaid consideration for which it was executed.

There is nothing in the record to indicate that they had any information or notice to put them on inquiry, outside of the recitals of the deed.

The judgment is affirmed.

*Affirmed.*

Delivered October 20, 1889.