Turner v. Snyder.

---

## CHARLES L. TURNER, Respondent, v. A. H. SNYDER, Appellant.

### Springfield Court of Appeals, December 6, 1909.

1. **CONTRACTS: Performance: Reasonable Time.** What is a reasonable time to perform a contract or discharge an obligation will depend upon the circumstances in each case and no general rule that will apply to all cases can be laid down, further than to say that the efforts to perform must be pursued with reasonable diligence.

2. ———: ———: ———: **Instructions.** What is a reasonable time in a given case is, when there is no dispute as to the facts, a question of law, and in that case it is the duty of the court to instruct whether or not the time was reasonable; but if there is conflicting testimony as to what the facts are, then the court should give hypothetical instructions and by them tell the jury what facts it would be necessary for them to find in order to find that the time was reasonable.

3. **REAL ESTATE BROKER: Instructions: Sale Within Reasonable Time.** An instruction was held proper which, in effect, told the jury that if defendant employed plaintiff to sell certain property and plaintiff found a purchaser for part of the property in the summer of 1904 and thereafter kept up his efforts to sell the remainder of the property to the same purchaser, of which the defendant had knowledge, and finally consummated the latter sale in the early part of 1907, then the jury might find that the sale was made within a reasonable time.

4. **INSTRUCTIONS: Covering Whole Case.** An instruction is not open to the objection that it purports to cover the entire case, yet omits the issues made by the defendant, where it

merely tells the jury what facts, if found to be true, would authorize a recovery by plaintiff, and the instructions given in behalf of defendant tell the jury what facts, if found to be true, would defeat a · recovery.

5. ————: **Construed Together.** All the instructions in a case must be construed together and if, taken as a whole, they present the case fairly to the jury, this is all that is required.

Appeal from Jasper Circuit Court.—*Hon. David E. Blair*, Judge.

AFFIRMED.

*Thomas & Hackney* for appellant.

(1) Where the agent is required by the terms of his contract with the principal to furnish the purchaser within a fixed period of time, he must furnish the purchaser within that time. Page & Austin v. C. C. Griffin, 71 Mo. App. 524; LaForce v. Washington University, 106 Mo. App. 517. (2) It is material error to give the the jury conflicting instructions. Edmondson v. Jones, 96 Mo. App. 83; Hoover v. Merc. Town Mutual, 93 Mo. App. 111; Union Bank v. First Nat'l Bank, 64 Mo. App. 253; Jones v. Railroad, 59 Mo. App. 137; Evers v. Shumaker, 57 Mo. App. 554; Spillane v. Railroad, 111 Mo. 555; State v. Harrell, 97 Mo. 105. (3) Where erroneous instructions are given for defendant the judgment will be reversed though correct instructions were given for the plaintiff. Dewdorn v. Railroad, 108 Mo. 539; Frank v. Railway, 57 Mo. App. 181; Berryman v. Cox, 73 Mo. App. 67; Standard Oil Co. v. Meyer Drug Co., 74 Mo. App. 446. (4) It is a well-settled rule that instructions should be predicated of all the issues raised by the pleadings and supported by the evidence. Turner v. Lowler, 34 Mo. 461; Craft v. McBoyd, 32 Mo. App. 399; Hayner v. Churchill, 29 Mo. App. 679; Condon v. Railroad, 78 Mo. 567; Russell v. Railroad, 26 Mo. App. 368; McDonald v. Railroad, 32 Mo. App. 70; Bailey v.

Beasley, 32 Mo. App. 406; State v. Foley, 12 Mo. App. 431; State v. Johnson, 76 Mo. 121; Henry v. Bassett, 75 Mo. 89.

*McReynolds & Halliburton* for respondent.

(1) The question of what is a reasonable time in this case, is a mixed question of law and fact, to be determined by the jury, under the instructions of the court. Turner v. Snyder, 132 Mo. App. 320; Hinzeman v. Railroad, 199 Mo. 56; Skoop v. Railroad, 93 Mo. App. 609; Skeen v. Springfield Engine & Thresher Co., 34 Mo. App. 497; Osborn v. Marks, 29 Mo. 1; Lynnville v. Welch, 29 Mo. 203; Fugitt v. Nixon, 44 Mo. 295; Burks v. Stam, 165 Mo. App. 455; Sallee v. McMurry, 133 Mo. App. 266. (2) The facts in evidence made a case to go to the jury on the question of the sale being made in a reasonable time, and the jury having found that issue for the plaintiff, under substantial evidence, that question of fact is settled for this court. La Force v. Washington University, 106 Mo. App. 523; Sallee v. McMurry, 113 Mo. App. 253; Glade v. Eastern Illinois Mining Co., 129 Mo. App. 454; Howe v. Bristow, 65 Mo. App. 631. (3) The courts hold that when the question of reasonable time in which an act is to be done is involved, then the court should give the jury a guide or basis upon which to determine whether the time in which the act was done was reasonable. Skoop v. Railroad, 93 Mo. App. 605; Skeen v. Springfield Engine & Thresher Co., 34 Mo. App. 485; Fugitt v. Nixon, 44 Mo. 295; Austin v. Transit Co., 115 Mo. App. 151; Orcutt v. Century Bldg. Co., 214 Mo. 45. (4) The instruction is not a comment on the evidence but a grouping together of facts the jury would have to find before they would be authorized to find that the sale was made in a reasonable time. Milling Co. v. McWilliams, 121 Mo. App. 319; Feddock v. St. Louis Car Co., 125 Mo. App. 24; Howe v. Bristow, 65 Mo. App. 631; Mitchell v. Plattsburgh, 33 Mo. App. 559; Fleisch v. Insurance Co., 58 Mo. 606.

STATEMENT. — Plaintiff alleges that defendant agreed to pay him one thousand dollars if he would find a purchaser for certain property in Carthage, owned by defendant, and that he did so but defendant refused to pay. The answer is a general denial. Trial by jury, verdict for plaintiff and defendant has appealed.

Plaintiff's evidence tends to show that in April, 1904, defendant agreed to pay him one thousand dollars to find a purchaser for his beer agency, his interest in an ice plant, and a stone and brick block at the Southeast corner of the public square in Carthage, and that he began negotiations which led to a sale to one A. T. Blackwell, of the beer agency and ice plant in the summer of 1904, and that he then asked for his commission, but defendant refused to pay until the building should also be sold. That plaintiff then continued the negotiations with Blackwell and that he talked to Blackwell and defendant about the deal every thirty to sixty days up to the early part of 1907, when it finally resulted in Blackwell buying the house. Plaintiff again demanded payment of his commission which was refused.

Defendant's evidence tends to prove that defendant did not employ plaintiff to find a purchaser for the property at all, but that in 1904, defendant gave Blackwell & Crane an option on the property for ten days, and that he told plaintiff then, that if he could induce Blackwell & Crane to buy the property under the option he would give him a thousand dollars for his services, and that the property was not bought under this option.

COX, J.—This is the second verdict in plaintiff's favor, and the second appeal. The first is reported in volume 132 Mo. App. 320. On that appeal this case was reversed because the trial court refused to instruct the jury that plaintiff must show that the sale of the property was made in a reasonable time after his employment. On the last trial, which resulted in the judg-

ment from which the present appeal is taken, the court gave, on behalf of plaintiff, the following instructions:

"I.   The court instructs the jury that, if the jury believe from the evidence in this case, that the plaintiff and defendant entered into an agreement that if the plaintiff would procure a purchaser for defendant's interests in the ice factory and beer agency in the City of Carthage and for the defendant's brick and stone structure on the Southeast corner of the Public Square in the City of Carthage, at such price and upon such terms as the proposed purchaser and the defendant might mutually agree upon, then and in that event the defendant would pay the plaintiff the sum of one thousand dollars, and if you further believe from the evidence that the plaintiff procured one A. T. Blackwell, and that A. T. Blackwell did, in the summer of 1904, purchase from the defendant his interest in the ice factory and beer agency in the City of Carthage, and that soon thereafter the plaintiff asked the defendant for his commission, and that the defendant stated to the plaintiff that his commision would not be' paid until the business block was sold, and that thereafter, from time to time, from the date of the sale of the ice factory to the said Blackwell, up to the time of the sale of the business block by defendant to the said Blackwell, the plaintiff every month or two months held interviews with the defendant and with the said Blackwell about the said sale, and was urging the consummation of such sale continuously, at frequent periods, until such sale of said business block was made by the defendant to said Blackwell, and that, during all of said time the defendant did not  notify plaintiff in any manner that his agency was revoked and that he would not pay any commission for his services in that behalf, and that both of said sales to the said Blackwell were the result of the work of the plaintiff in procuring said Blackwell as a purchaser therefor, then the jury may find that both of said sales were made within a reasonable time; and if you so find, you will

find the issues for the plaintiff and assess his damages at the sum of one thousand dollars, with interest thereon at the rate of six per cent per annum from the date of the commencement of this suit, to-wit: July 11, 1907.

"II. The court instructs the jury, that what may not be a reasonable time in one case may be a reasonable time in another case, and if the jury believes from the evidence that during the time that elapsed from the date of employment of plaintiff by defendant to procure a purchaser, if you find he was so employed, that the plaintiff at regular intervals was interviewing and talking to the defendant and to the purchaser, A. T. Blackwell, and attempting to make a sale of the property of defendant to the said A. T. Blackwell and that during said time the defendant never at any time notified the plaintiff that he revoked his authority for such sale but accepted the plaintiff's services, then, notwithstanding the fact that it was three years from the time of the contract to the final sale of the property by the defendant to said Blackwell, the jury have the right to say whether such sale was made within a reasonable time, and if they believe from the evidence that, under all the facts and circumstances, such sale was made within a reasonable time, then they will find the issues for the plaintiff."

On part of the defendant, the jury were instructed that if the contract with plaintiff was limited in time, and the purchaser was not furnished within that time, he could not recover; also that if defendant employed the plaintiff, and there was no time fixed within which the sale was to be made, then it must be made in a reasonable time, regard being had to the nature, character and situation of the property and its likelihood to fluctuate in value, and the court refused to instruct that three years was an unreasonable time.

A reversal is now asked on the ground that plaintiff's instructions were erroneous and contention is made that they are misleading, are comments on the evidence, are argumentative, that they and those given

for defendant are conflicting, and that instruction number one attempts to cover the entire case, yet, omits the issues made by the defense.

These instructions, in effect, told the jury that if defendant employed plaintiff to sell this property, and if he found a purchaser in the summer of 1904 in the person of A. T. Blackwell for a part of the property and that he thereafter kept up the efforts to sell the remainder of the property to Blackwell, with the knowledge of defendant, until the early part of 1907, when, through the efforts of plaintiff, sale of the remainder of the property was consummated, then the jury might find that the sale was made in a reasonable time, and if they so found, should find the issues for the plaintiff. That plaintiff was required to procure a purchaser within a reasonable time there can be no question. What is a reasonable time in which to perform a contract or discharge an obligation will depend upon the circumstances in each case, and no general rule that will apply to all cases can be laid down further than to say that the efforts to perform must be pursued with reasonable diligence. What is a reasonable time in a given case, is, when there is no dispute as to the facts, a question of law, and in that case, it is the duty of the court to instruct whether or not the time was reasonable; but if there is conflicting testimony as to what the facts are, then the court should give hypothetical instructions, and, by them, tell the jury what facts it would be necessary for them to find in order to find that the time was reasonable. [Sloop v. Railroad, 93 Mo. App. 605; Skeen v. Thresher Co., 34 Mo. App. 485; Fugitt v. Nixon, 44 Mo. 295; Linville v. Welch, 29 Mo. 203.]

This, we think, was what was done in this case; and while the instructions went more into details than was required, we do not think they are open to the objection that they are argumentative or are comments on the testimony, nor, do we think there is any conflict between these instructions and those given for defendant

which told the jury that if they believed the contract was limited in time and the purchaser was not furnished in that time, they should find for defendant. Nor is instruction 1 open to the objection that it purports to cover the entire case, yet omits the issues made by the defense. It does not purport to cover the entire case, but only plaintiff's side of it. It tells the jury what facts, if found to be true, will authorize a recovery by plaintiff; while the instructions given on behalf of defendant, tell the jury what facts, if found to be true, would defeat a recovery. This was entirely right and proper. All the instructions given in a case must be construed together, and if they, taken as a whole, present the case fairly to the jury, this is all that is required, and, we think this requirement was met in this case. Judgment affirmed. All concur.