## KOTSREAN REALTY COMPANY, a Corporation, Respondent, v. D. STEIMKE, Appellant.*

St. Louis Court of Appeals. Opinion Filed June 24, 1924.

1. **APPELLATE PRACTICE: On Appeal Parties Bound by Trial Theory.** Parties litigant on appeal are bound by the theory upon which they tried their case below.

2. **BROKERS: Real Estate Brokers: Commissions: Defenses: Failure to Find Purchaser Within Reasonable Time: Evidence: Trial Theory: Excluding Testimony as to Enhanced Valuation etc.: Prejudicial Error.** In an action by a real estate broker for commission alleged to be due it for having furnished a purchaser for property belonging to the defendant, which defendant had listed with plaintiff under a written contract, though defendant by his answer set up as a defense that the contract in question had terminated by lapse of time by reason of plaintiff's failure to find a purchaser within a reasonable time, and though the case was tried upon the theory that such issue was in the case, and though the case was submitted to the jury upon instructions which submitted this defense for their consideration, yet the court throughout the trial refused to permit defendant to adduce testimony tending to show that each of the several pieces of property in question had enhanced in value, or to show that there had been an increase in the rentals derived therefrom after the date when said properties were listed with plaintiff, or to permit the defendant to show that, within six months prior to the time that the plaintiff obtained a purchaser for three of said properties, he had expended certain sums on said property in repairs and improvements, *held* the action of the trial court in excluding such testimony was prejudicial error.

3. ——: ——: ——: ——: ——: ——: All Facts and Circumstances Concerning Enhanced Valuation, etc., of Property Competent. Where an action for a real estate broker's commission was tried on the theory that the contract in question was one which was to continue for a reasonable time, the defendant was entitled to adduce all the facts and circumstances concerning the property in question, the fluctuation in the prices or rental derived therefrom, and (provided the plaintiff was cognizant thereof) what sums, if any, had been expended by the defendant in repairs and betterments in the property.

*Headnote 1. Appeal and Error, 3 C. J., section 618; 2. Appeal and Error, 3 C. J., section 623; 3. Brokers, 9 C. J., section 117.

Appeal from the Circuit Court of the City of St. Louis.— *Hon. Victor H. Falkenhainer,* Judge.

REVERSED AND REMANDED.

*George C. Mackay* and *W. G. Carpenter* for appellant.

(1) As the "listing" was definitely fixed for only sixty days, the court should have construed the subsequent indefinite continuing extension with the implied condition that the agency should not continue unreasonably long. Accordingly the "listing" terminated after the lapse of such a reasonable time under the circumstances. Dickman v. Tressler, 175 Mo. App. 601; Good v. Robinson, 194 Mo. App. 453; Dodge v. Childers, 167 Mo. App. 448; Howard Co. v. Barnett, 206 S. W. 417; Staehlin v. Kramer, 118 Mo. App. 329; Turner v. Snyder, 132 Mo. App. 320; Green v. Wright, 36 Mo. App. 298; 9 C. J., p. 519, sec. 22; p. 562, secs. 63, 64; p. 606, sec. 92; 24 A. L. R., p. 1547, note citations; 49 L. R. A. (N. S.) 942, note. (2) Over two years and four months under changing war conditions is an unreasonably long time within which to allow a broker to seek a purchaser under a "listing." The court should have declared that the subject-matter of the contract had become so changed by lapse of time as to constitute a revocation of the agency as a matter of law. The "listing" had expired

or been abandoned (a) when the broker presented his purchaser upon which he claims commissions are due under counts 1, 2 and 3, and (b) when the owner had himself sold the property in count 4. See authorities under 1, supra. (3) To determine what is a reasonable time limit the fact and circumstances of each particular case must be considered. Evidence that the property had greatly increased in value because of wartime fluctuations, that its rental income was twenty-five per cent greater, and that large expenditures had been made in betterments and improvements should have been admitted. Such testimony would have shown the unreasonableness of the price fixed in an agreement over two years and four months before. Dickman v. Tressler, supra; Green v. Wright, supra; 9 C. J. 519, 606; 5 C. J. 522; How v. Bristow, 65 Mo. App. 624; Sallee et al. v. McMurry, 113 Mo. App. 253; Staehlin v. Kramer, 118 Mo. App. 329; Turner v. Snyder, 132 Mo. App. 320 (later appeal in 139 Mo. App. 656); Wanstroth v. Wrens, 185 Mo. App. 162; Trust Co. v. Johnson, 177 Mo. App. 503. (4) The contract pleaded is not the contract put in evidence. A formal contract is pleaded; a mere "listing" is shown. This "listing" was not a legal offer looking to the formation of a contract, but was a mere authority to negotiate —an invitation for an offer. 9 C. J. 520, 640. (5) Granting that the "listing" constituted a mutual contract, it merely appointed the broker "sole and exclusive agent," but did not grant him the exclusive right to sell; it merely precluded the principal from employing another broker. It did not prohibit the owner from making a sale himself without a broker's aid, as alleged in count 4. In the absence of an agreement to the contrary the owner is not inhibited from selling to one not a customer of the broker. 10 A. L. R. 816 (note); 9 C. J. 522, 622; Wallace v. Eves, 107 Mo. App. 362; Dickman v. Tressler, 175 Mo. App. 601; Cook v. Forst, 116 Ala. 395; Kelly v. Brennan, 55 N. J. Eq. 423; Wylie v. Bank, 61 N. Y. 415; Frazier v. Cox, 125 S. W. 148 (Ky.); 4 R. L. L., p. 320. (6) Under respondent's printed "listing" payment of the commission was to be only out of the "purchase price," and "in the event

of a sale." This does not include an agreement of purchase on an earnest-money contract, nor did it bind the owner to sell. As no actual "sale" has been made, or "price" been received for the property in the first three counts, there could be no recovery for commission thereon. 9 C. J. 623; Lindley v. Fahey, 119 Co. 239. (7) The consideration expressed on the face of the contract is for $1, and the further consideration that plaintiff, respondent, "advertise the within described property for sale or exchange free of expense to the undersigned;" the evidence shows the $1 was not paid, that being merely nominal. The real and only consideration was the advertising. This advertising was a continuing consideration, and with the cessation of the advertising the consideration ceased; hence the contract ceased, and was abandoned as a matter of law by respondent. (8) The instructions are prejudicial to appellant in that they do not state the law applicable to the issues and the evidence. They assume matters in dispute; are conflicting, inconsistent and misleading, and omit to charge on material issues and elements of the case. (9) It was error for the court to give oral instructions to the jury on three occasions after the jury had retired for deliberation and prior to the final verdict.

*Ivon Lodge* for respondent.

(1) Even if this court should construe the four contracts in evidence as being for no specified time, still, no error was committed by the trial court because the case was submitted to the jury on the theory that they remained in force for a reasonable time only. Real Estate Co. v. Wenz, 185 Mo. App. 163. (2) The listing contracts in evidence were by their express terms to remain in force for "a period of sixty days from date, and thereafter until revoked by giving sixty days notice in writing," hence the cases cited by appellant to the effect that where no time is stipulated in the contract the same will remain in force for a reasonable time only are not in point. Beheret v. Myers, 240 Mo. 58; Howard and

215 M. A.—3.

Brown Realty Co. v. Barnett, 206 S. W. 417; Star-Chronicle Pub. Co. v. U. S. Press Assn., 204 Fed. 217; Ford v. Dyer, 148 Mo. 528; Van Siclen v. Herbst, 51 N. Y. Supp. 968; 13 C. J. 599. (3) The case of Dickman v. Tresler, relied upon so implicitly by appellant, does not hold that the listing contract lapsed by reason of length of time. This case merely holds that in such cases the law implies that the contract is to remain in force for a reasonable time only; and after the expiration of that time the owner may, in good faith, revoke the agency, . . . and (after a reasonable time) a sale by the owner operates to revoke the authority of the broker. Then these cases are not in point with any of the first three counts of plaintiff's petition. (4) The court had no right to declare as a matter of law that the contracts had lapsed, and this issue was properly submitted to the jury. Turner v. Snyder, 139 Mo. App. 656; Tull v. Starner, 188 Mo. App. 713, 176 S. W. 511. (5) The plaintiff earned its commission in each of the first three counts of the petition when it obtained the earnest money contract and informed defendant and the latter refused to complete the sale. Trust Co. v. Lamar, 148 Mo. App. 353; Rice v. Mayo, 107 Mass. 550; Chapin v. Bridges, 116 Mass. 105; Cooke v. Blake, 98 Mich. 105; Metchalfe v. Kent, 104 Ia. 487. (6) The instructions are fair to appellant and state the law applicable to the case in a manner most liberal to him. Owens v. Kansas City Railroad Co., 95 Mo. 169; Meilly v. Frisco Railroad, 215 Mo. 567; Minteer v. Jenkins, 229 S. W. 402; State ex rel. Jenkins v. Trimble et al., 236 S. W. 651. (7) There is nothing in the record in this case to show that the court gave oral instructions to the jury after the jurors had retired for deliberation. (8) The appellant's contention that the contracts in evidence are unilateral because signed by Steimke only is without merit, because they became bilateral as soon as the plaintiff began work thereunder. Howard & Brown Realty Co. v. Barnett, 206 S. W. 417; Attix v. Pelan, 5 Iowa, 336; Goward v. Waters, 98 Mass. 596; Kimmell v. Skelly, 130 Cal. 555.

BECKER, J.—Plaintiff filed its petition in four counts against the defendant for a real estate broker's commission alleged to be due it for having furnished a purchaser, in the month of October, 1921, for property belonging to the defendant which said defendant had listed with the plaintiff under a written contract, in the month of June, 1919. Plaintiff recovered judgment on each of the said four counts, and the defendant appeals.

In each count plaintiff alleges that on June 6, 1919, defendant owner "entered into a contract with plaintiff whereby he appointed plaintiff sole and exclusive agent for the sale of said property, and agreed that, in event plaintiff should secure a purchaser ready, able, and willing to buy," a commission would be paid plaintiff.

The first three counts allege breach of the above contract by reason of an alleged refusal on the part of the defendant to complete a sale to a purchaser secured on October 19, 1921, being two years and four months after the date of the listing of the property.

The fourth count seeks to recover commission on another "listed" piece of property of the defendant, which defendant himself sold in the month of September, 1920, without notice to plaintiff.

The answer to each of the said counts in plaintiff's petition sets up (a) revocation of the contract; (b) that the contract had lapsed and terminated long prior to the sale in October, 1921; (c) a general denial.

The reply put in issue the allegations in the answer.

For the purposes of this appeal, in light of the conclusion we have arrived at, it is sufficient as to the facts to state that it is conceded that the contract of listing on each of four pieces of real estate belonging to the defendant, was entered into on the 6th day of June, 1919; that terms as to each were identical, and appointed plaintiff sole and exclusive agent for the sale of said property for a period of sixty days from date thereof "and thereafter until revoked by giving sixty days notice in writing," and, "in the event of a sale or exchange of said property within the above-specified time," it is stipulated that plaintiff was to receive a commission on the amount

accepted by the defendant as a purchase price, as per schedule of commissions adopted by the St. Louis Real Estate Exchange.

The defendant personally testified that he went to the office of the plaintiff company after the sixty days' period specified by the contract, namely, about the middle or end of the month of August, 1919, and had a conference with Chester Kotsrean, secretary of the plaintiff company, and gave him verbal notice of the revocation of the contract of listing, and that such notice was accepted by and agreed to by said Kotsrean.

Chester Kotsrean, on behalf of plaintiff, denied specifically having had any such conversation with the defendant. The several officers of the plaintiff company stated that no notice of revocation had ever been given them by the defendant.

The plaintiff further introduced testimony tending to show that it had advertised the several pieces of property listed by defendant with them under said contracts in question, in several daily newspapers in the city of St. Louis and in the publication called the Real Estate Bulletin. There is some testimony, general in its nature, to the effect that occasional advertisement of the defendant's property had been kept up at least in the said Real Estate Bulletin, almost up to the time that the plaintiff obtained a purchaser in October, 1921.

The record discloses that there is no contention but that defendant sold one of the pieces of property in September, 1920, and that the plaintiff did, in October, 1921, obtain a purchaser for the three remaining pieces of property in question ready, able, and willing to purchase each of said pieces' at the price and on the terms listed with the plaintiff.

It conclusively appears from the record before us that, though the defendant by his answer set up as a defense that the contract in question had terminated by —lapse of time by reason of plaintiff's failure to find a purchaser within a reasonable time, and though the case admittedly was tried upon the theory that such issue was in the case, and though the case was eventually sub-

mitted to the jury upon instructions which submitted this
defense for their consideration, yet the court throughout
the trial consistently refused to permit defendant to ad-
duce testimony tending to show that each of the several
pieces of property in question had enhanced in value, or
to show that there had been an increase in the rentals
derived therefrom after June 6, 1919, the date when the
said properties were listed with plaintiff, or to permit
the defendant to show that, within six months prior to
the time that the plaintiff obtained a purchaser for three
of said properties, the defendant had expended in excess
of $2000 on said property in repairs and improvements.

Throughout the trial, from the opening statement
of counsel for defendant to the close of the case, defend-
ant repeatedly offered to adduce testimony along the lines
indicated, but the court in each instant ruled that such
testimony was not competent in the case; defendant sav-
ing his exceptions. That counsel for defendant seriously
urged their right to introduce evidence of this character
is abundantly shown from the record. Whilst on several
occasions the formal tender of proof of an increase in the
value of the property and of the rentals thereof was ad-
dressed to the period of time elapsing between the sign-
ing of the original listing contracts and October 19, 1921,
the date when plaintiff obtained a purchaser for three of
the said properties, yet a reading of the record convinces
us that the theory upon which the case was tried as un-
derstood, not alone by the court, but by counsel for plain-
tiff as well as for the defendant, was that the defendant
was seeking his right to adduce evidence in support of
the defense pleaded in his answer, that as to each of the
properties in question, in light of all of the facts and
circumstances pertaining to each, an unreasonable time
had elapsed from the date of the listing thereof to have
justified defendant, first, in making the sale of one of the
pieces of property in September, 1920, and, second, in
refusing to accept the offer of purchase obtained through
plaintiff on October 19, 1921, for the remaining three
pieces of property, and that too, even though there was

no revocation of the contract prior thereto by defendant other than the lapsing of the contract by lapse of time.

This action on the part of the trial court was in our view, under the pleadings in this case and the theory upon which the case was tried, prejudicial error. It needs no citation of authorities that parties litigant on appeal are bound by the theory upon which they tried their case below.

Since the case has been tried below upon the theory that the contract in question was one which was to continue for a reasonable time, the defendant was entitled to adduce all the facts and circumstances concerning the property in question, the fluctuation in the prices or rental derived therefrom, if any, and (provided the plaintiff was cognizant thereof) what sums, if any, had been expended by the defendant in repairs and betterments in the property.

In Turner v. Snyder, 139 Mo. App. 656, 123 S. W. 1050, the court approved an instruction on the question of reasonable time which told the jury that regard was to be had to the nature, character and situation of the property, and its likelihood to fluctuate in value.

In Wanstrath Realty Co. v. Wenz, 185 Mo. App. 162, loc. cit. 167, 170 S. W. 345, and in Althoff v. Transit Co., 204 Mo. 166, 102 S. W. 644, it is ruled that, where it becomes a question of fact for the jury to determine, the question of reasonable time should be submitted for their determination according to the facts and circumstances of each case under the guidance of proper instructions to be given by the court. In the recent case of Clark v. King, 209 Mo. App. 309, loc. cit. 317 (238 S. W. 825, 827) this court held that—"What is a reasonable time depends upon the intention of the parties as gathered from all the facts and circumstances in evidence in the case. . . . . "

"A reasonable time" is a relative term, and depends upon all of the attending facts and circumstances in each particular case. Clearly in our view, upon reason and authority, under the issues in the present case, defendant was entitled to show, if he could, that during the period

of time elapsing after June 6, 1919, the date of the listing of the properties with plaintiff, and (1) September, 1920, the month in which defendant admittedly sold one of the pieces of property, and (2) October 19, 1921, the date when plaintiff obtained a purchaser for the three remaining pieces of property, there was a general enhancement in value of real estate (and the rentals thereof) of the kind and character in question in the locality where said properties are situated in the city of St. Louis, and we are of the opinion that the defendant should be entitled to show that he had expended large sums of money in making repairs and betterments on the property during the said period in question, provided he could adduce testimony which brought home the knowledge of such fact to the plaintiff.

It follows from what we have said above that for the said error, prejudicial to the rights of the defendant, the judgment should be reversed, and the cause remanded. It is so ordered. *Allen, P. J.,* and *Daues, J.,* concur.