construction contended for had saddled upon it."

We are of opinion that the effect of that provision was to confer authority upon the Legislature to create emergency courts and in their organization to provide the means by which the existing evils could be remedied expeditiously. The manifest purpose of the people in adopting that amendment was to enable the Legislature to meet such conditions as are present in this case, and it is the duty of the courts to act in harmony with the spirit of that amendment, and to give to it a liberal construction. It would be difficult to express more definitely the authority conferred in that clause of the Constitution—to "establish such other courts as it may deem necessary"—which places in the discretion of the Legislature the character and number of courts that may be created as well as the manner in which the officers shall be chosen. The territory over which the jurisdiction of such court may be exercised and the subjects upon which its authority may be exerted are at the discretion of the Legislature.

[2] The act under consideration creates a valid court, and by reference to the existing district courts of the county expresses the subjects of jurisdiction and the territory within which it may exercise its authority.

[3] Under the broad power to establish the court and to prescribe its "jurisdiction and organization," the Legislature had authority to provide for the appointment of a judge by the Governor and to limit his term of office. There could be no court organized without a judge—a necessary part of the court. The term of office of the judge will not extend beyond the time for the qualification of a successor, because the court will cease to exist, and there could be no successor.

[4] The Legislature had power to limit the existence of the court that it was authorized to create.

[5] The act imposed additional duties upon the clerk of the district courts, but created no additional office.

We note here that this court held that the Legislature did not attempt to exercise the powers conferred by this article of the Constitution in enacting the law under examination in Whitener v. Belknap, 89 Tex. 273, 34 S. W. 594, hence the reasoning in that case is not applicable here. In Harris County v. Stewart we carefully examined and discussed the questions of law presented in this case.

---

## HOUSMAN v. HORN.

(Court of Civil Appeals of Texas. Dallas. May 17, 1913.)

1. APPEAL AND ERROR (§ 1041*)—HARMLESS ERROR—RULINGS ON PLEADINGS.

Error in treating as a plea in abatement, and so filed too late, an amended answer, in an action to foreclose a vendor's lien, setting up that defendant had neither actual nor constructive notice of the provisions of the purchase money notes, whereby they could be matured for default in interest, is immaterial; this being available under the general denial, especially where no actual notice is proved, the question of the record of deeds in defendant's chain of title expressly retaining a lien for purchase money notes being constructive notice of provisions of the notes being one of law.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4106–4109; Dec. Dig. § 1041.*]

2. VENDOR AND PURCHASER (§ 231*)—NOTICE OF PROVISIONS OF NOTE REFERRED TO IN RECORDED DEED.

Record of deed expressly retaining a vendor's lien for purchase-money notes is constructive notice, putting a subsequent purchaser on inquiry as to provisions of the notes allowing them to be matured for default in interest, and for payment of 10 per cent. attorney's fees in case of suit thereon.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 43, 55, 487, 513–539; Dec. Dig. § 231.*]

Appeal from District Court, Collin County; J. M. Pearson, Judge.

Action by W. H. Horn against S. H. Housman and others. Judgment for plaintiff. Defendant Housman appeals. Affirmed.

G. R. Smith, of McKinney, for appellant. Garnett & Hughston, of McKinney, for appellee.

RASBURY, J. Appellee instituted suit in the court below against James F. Acker, E. E. Rosenberry, W. G. Ashley, and appellant Housman, alleging that on January 20, 1911, appellee conveyed certain lands in Collin county, Tex., to said Acker for a recited consideration, part of which was represented by the three promissory negotiable notes of Acker, payable to appellee and secured in their payment by the vendor's lien expressly retained in the deed made by appellee to said Acker, said notes being due, respectively, January 20, 1913, 1914, and 1915. It was alleged that the notes bore interest payable annually, and that by the provisions of the notes a failure to pay any annual installment of interest thereon at maturity would at the election of the owner mature all notes, and that at the time the suit was filed an annual installment of interest was in fact due, payment of which had been demanded and refused, and that appellee because of such refusal had declared the entire debt due, etc. It was further alleged that the other defendants had in the order named purchased the land from Acker with notice of the lien, all of whom were made parties to the suit. Judgment for the amount of the notes, principal, interest, attorney's fees, and costs was asked against all the defendants, together with a foreclosure of the lien retained in the deed and notes and sale of the land as provided by law.

Appellant, Housman, answered by general

demurrer and general denial. Subsequently, upon leave of court, he filed amended answer, which contained in addition to the general demurrer and denial, the plea that he was a bona fide purchaser of the land without actual or constructive notice of that clause in the notes which gave appellee the option of declaring the entire series due upon failure to pay when due any installment of interest, and that as a consequence the suit as to him was prematurely brought, and prayed that appellee take nothing against him by reason of the suit, and that he recover costs, etc. On motion of appellee, the court below struck from the record that portion of the pleading alleging want of notice of the option of the owner of the notes to declare same due, etc., because being a plea in abatement and having been filed after plea in bar it came too late.

A statement of facts was not filed, but the record does contain the lower court's conclusions of fact, and the facts taken therefrom and material to the determination of this appeal are as follows: Appellee Horn on January 20, 1911, was the owner of the land securing payment of the notes in suit, and on that day conveyed same to James F. Acker by deed. This deed was filed for record with the county clerk of Collin county February 11, 1911, and thereafter properly recorded. The deed expressly retains the vendor's lien to secure payment of the three notes sued upon. Each note draws 8 per cent. per annum interest, payable annually, and provides that failure to pay any annual installment of interest thereon when due shall at the election of the holder mature all three notes, together with the further provision for the payment of 10 per cent. on the whole amount due, if said notes were not paid when due and placed with an attorney or suit filed thereon, etc. Neither of these provisions were set out in the deed from Horn to Acker containing the description of the notes. On January 24, 1912, after allowing three days grace, the first annual interest installment was due on each of said notes. Demand for payment was made of appellant Housman, who was in possession of the land. He failed to pay and whereupon appellee declared all notes due at once, and on January 25, 1912, delivered same to his attorney and caused suit to be filed thereon. After the conveyance of the land to Acker and prior to filing this suit, Acker conveyed the land April 3, 1911, to E. E. Rosenberry, who filed same for record on same day. Said deed recited that Rosenberry agreed to pay all the notes sued on according to their terms. Afterwards, in 1911 (the exact day and month is not given), Rosenberry conveyed the land to appellant Housman, the deed, which was not recorded, containing a clause in substance that Housman bought the land subject to payment of the notes, but did not undertake to describe them, nor did it men-

tion the payment of attorney's fees or the right to mature all notes upon failure to pay interest installments. None of the deeds recited that in the notes there was a provision for attorney's fees or the provision permitting the holder to mature them upon failure to pay the interest as it matured. The findings further show facts sufficient to sustain the judgment of the court with reference to service and the amount due, etc.

[1] The appellant by counsel contends the court erred in treating his amended answer as a plea in abatement. By this answer as we have said appellant alleged that he had neither actual nor constructive notice of the provision in the notes in reference to appellee's right to mature the notes before the agreed period if the interest was not paid. From our view of the case the action of the court complained of is immaterial, since in our opinion the defense set out in the special plea could be urged under the general denial, particularly so since no actual notice was proven and any constructive notice arising because of the record of said several deeds would be constructive notice and hence became a matter of law solely.

[2] In our opinion the issue below and here was and is purely one of notice. That being true, the question then is, Did the recitals in the deed from appellee to Acker in reference to the outstanding notes import notice to subsequent purchasers of all the undisclosed provisions thereof? We think so. As to what notice is imparted to subsequent purchasers by the record of deeds in such cases, it is said by an accepted authority that "an instrument properly recorded is notice, not only of facts therein expressly set forth, but also of all other material facts which an inquiry thereby reasonably suggested would have disclosed." 39 Cyc. 1720. The qualification of the rule is by the same authority said to be that "a recorded deed is constructive notice only of what appears on its face." The application of the qualification to the facts in this case would be that the record of the deed from Horn to Acker was notice to all subsequent purchasers of the fact that there were three outstanding unpaid notes only, and that such subsequent purchaser would not be compelled to inquire if there might be more than three such notes. But under the rule announced it would in our opinion also be the duty of the appellant to inquire into the particular provisions of the notes of which the record gave him notice, since such inquiry would be reasonably suggested by his knowledge of the existence of the notes. As said by the judge who tried this case, "the recitation in the deed from Horn to Acker that there were notes outstanding against the land in controversy made it the duty of all persons purchasing said land subsequent to Acker to investigate the notes," and that "they were bound by the recitals (contained in) the notes whether in

fact they had ever had actual notice of them or not." One purchasing land burdened with a lien to secure an indebtedness represented by notes disclosed by the record is charged with notice of the fact that penalties and forfeitures are probable in case of refusal to pay the debt according to the contract of his vendor and such an inquiry is one reasonably suggested by the existence of the notes. As said by our Supreme Court in Willis v. Gay, 48 Tex. 463, 26 Am. Rep. 328, which was a contest between a purchaser of land and one who claimed the vendor's lien thereon, "the recital in this deed that the consideration was 'secured to be paid to us * * *' clearly conveyed the intelligence to any one who might inspect it that the money was not paid down for the land." The court then recites that, while the terms used are insufficient to create the vendor's lien, "yet it is the recital of a fact which was well calculated to put a subsequent purchaser upon inquiry, which, if followed up in the right direction, would, as shown by the proof, readily and certainly have led to full notice that the purchase money had not been paid." Anything disclosed by the record which would suggest as a matter of prudence any inquiry which would disclose the real situation must be reasonably pursued. Cook v. Caswell, 81 Tex. 678, 17 S. W. 385. In Clementz v. Jones Lumber Co., 82 Tex. 424, 18 S. W. 599, it was said that all the terms and conditions of a note secured by mortgage on real estate and referred to in the mortgage constitutes a part of the mortgage, and that, when the mortgage is recorded, notice of all the provisions of the note as well as those of the mortgage is imported to those subsequently dealing with the mortgaged land. Accordingly it follows that the notes given by Acker to Horn and secured by the vendor's lien in the accompanying deed, and therein referred to, became in like manner a part of the deed, and it was the duty of all subsequent purchasers to inquire into the particular provisions of the notes which might in any manner affect the title to the land. If the recitals in the deed failed to state how the interest was to be paid, and what the penalty would be in case of default, such omission would itself suggest reasonable inquiry in that particular, since it was to be presumed that penalties and forfeitures followed such default.

It was also said in Tinsley v. Houston Land & Trust Co., 36 S. W. 815, that ignorance on the part of a purchaser of land burdened with a prior debt which he assumes of a provision in the notes that upon default in payment of same 10 per cent. should be added as attorney's fees is inadmissible in testimony as a defense in a suit upon a note, for the reason that by his assumption of the note he is chargeable with knowledge of its contents, and will not be heard to say that he was ig-

norant of the extent of the liability he assumed. The only dissimilarity between the facts in the case cited and the instant case is that in the former the obligation was assumed and in the latter the land was taken subject to the payment of the notes. In the case of assumption personal liability would exist while it would not where the land is bought subject to the prior lien and debt. Notice, however, would still be imported; and, while no personal judgment for the Horn debt could be entered against Housman, the debt could be declared due under the recited provision in the notes, the lien foreclosed, and the property sold unless appellant paid the debt. And in that connection the court below did not render personal judgment against appellant for the amount of the note, but merely foreclosed the lien on land as against him, directing that if upon sale the land should sell for more than the debt any excess should be paid to appellant Housman.

Finding no error in the judgment of the court below, the same is hereby affirmed.