STANDARD PAINT & WALL PAPER CO. v. ROWAN.

(Court of Civil Appeals of Texas. Galveston. May 24, 1913.)

1. TRIAL (§ 403*)—FINDINGS AND CONCLUSIONS—DELAY IN FILING—EFFECT.

Findings of fact and conclusions of law not filed within the time required by law cannot be considered on appeal.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 954–956; Dec. Dig. § 403.*]

2. VENDOR AND PURCHASER (§ 289*)—LIEN—FORECLOSURE—REDEMPTION.

Where the deed reserving a vendor's lien did not show that the lien notes stipulated for an attorney's fee, a subsequent purchaser having no actual knowledge of such stipulation could redeem from a sale at foreclosure without paying the stipulated fees.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 820, 821; Dec. Dig. § 289.*]

3. JUDGMENT (§ 707*)—CONCLUSIVENESS—PERSONS NOT PARTIES.

The holder of a deed of trust subsequent to a vendor's lien who purchased the land on foreclosure of his deed of trust was not concluded by the judgment in a suit to foreclose the lien to which he was not a party.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1230; Dec. Dig. § 707.*]

4. VENDOR AND PURCHASER (§ 289*)—LIEN—RIGHTS OF SUBSEQUENT PURCHASERS.

Where the vendee of land on which the vendor reserved a lien for the unpaid purchase money gave a deed of trust which was subsequently foreclosed, the purchaser acquired the vendee's right to redeem from the lien by paying the indebtedness.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 820, 821; Dec. Dig. § 289.*]

5. VENDOR AND PURCHASER (§ 265*)—LIEN—RIGHTS OF SUBSEQUENT PURCHASERS.

Where the purchaser of land subject to a vendor's lien was not made a party to a suit for its foreclosure, he could, in an action in trespass to try title brought against him by the purchaser at the foreclosure sale, have his equities protected upon tendering and paying into court the purchase money due, although he made no tender previous to the suit, and although he was given an opportunity to pay the amount due on the judgment of foreclosure before the sale and execution of the deed.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 492, 700–712; Dec. Dig. § 265.*]

Appeal from District Court, Wharton County; Wells Thompson, Judge.

Trespass to try title by S. F. Rowan against the Standard Paint & Wall Paper Company. Judgment for plaintiff, and de-

fendant appeals. Reversed and remanded, with directions.

Fred R. Switzer, of Houston, for appellant.

McMEANS, J. On March 3, 1908, Julia Adling and others sold and conveyed lots 4, 5, and 6 in block 27, in South El Campo, Wharton county, to F. A. Nelson, reserving the vendor's lien thereon to secure the payment of several notes given by Nelson for the purchase money, one of said notes being for $300. On November 26, 1910, Julia Adling and others, having received payment of all the notes except the one for $300, and upon which a payment of $25 was made on September 17, 1910, sold and conveyed the note last mentioned together with the vendor's lien by which it was secured to Mrs. M. E. Swedhin. June 18, 1910, Nelson executed and delivered to J. D. Switzer, as trustee for the use and benefit of the Standard Paint & Wall Paper County, a deed of trust upon the lots in question as security for the payment of an indebtedness of $760.-35. Nelson having made default in the payment of his indebtedness to the Standard Paint & Wall Paper Company, the trustee in the deed of trust, acting upon the powers therein conferred upon him, duly made sale of the lots, and the same were purchased at the trustee's sale by the Standard Paint & Wall Paper Company, subject, of course, to the superior rights of Mrs. Swedhin, the owner of the vendor's lien. Afterwards Mrs. Swedhin brought suit against Nelson on the $300 note and to foreclose her vendor's lien on the lots, and on November 29, 1911, she recovered a judgment for the principal, interest, and attorney's fees on said note, amounting to $404.12, and foreclosure of the vendor's lien on the lots. The Standard Paint & Paper Company was not made a party to this suit. An order of sale was issued on the judgment last mentioned, and on April 2, 1912, the lots were sold thereunder to S. F. Rowan, and a deed therefor duly executed to him by the sheriff. Thus standing, the Standard Paint & Wall Paper Company began negotiations for redeeming the lots by offering to pay the amount due as principal and interest upon the $300 note, or the principal and interest for which judgment was rendered in the suit to foreclose the vendor's lien, but declined to pay the attorney's fees computed as a part of the judgment, basing its refusal to pay the attorney's fees on the ground that no such fees were stipulated for in the deed from Adling and others to Nelson, and that it had no actual notice that such fees were provided for in the notes given by Nelson for the lots. Rowan refused to accept payment of the judgment, unless the entire amount, including the attorney's fees, should be paid. We find as a fact that the deed from Adling and others conveying the lots to Nelson did not show that the notes given to secure the payment of the purchase money provided in any way for the payment of attorney's fees.

This suit was brought by S. F. Rowan, the appellee, against the Standard Paint & Wall Paper Company, in the ordinary form of trespass to try title to recover the lots in question, and to remove the cloud cast upon appellee's title by the deed of Switzer, trustee, conveying said lots to appellant. Appellant answered by general denial and plea of not guilty, asserted its ownership of the lots by purchase at the trustee's sale, but alleging the existence at the time of its purchase of the vendor's lien to secure the payment of the balance due on the $300 note, and that the same was superior to its mortgage lien; and pleaded that it had paid into the registry of the court the sum of $500 and tendered and offered to pay to the appellee out of said sum any sum of money which the court might find to be due on the judgment rendered on the vendor's lien note. It prayed that the equities be adjusted between the parties, and that it be adjudged to have the title and possession of the lots. The case was tried before the court without a jury, and resulted in a judgment for plaintiff Rowan, from which the appellant Standard Paint & Wall Paper Company has appealed.

[1] The court upon request of appellant made and filed findings of fact and conclusions of law, but such findings and conclusions were not filed within the time required by law, and will not therefore be considered. Melvin v. Deer Co., 126 S. W. 681. We are asked to reverse the judgment because the findings and conclusions were not filed within the proper time. A full statement of the facts accompanies the record, and the facts appear to be without conflict. As the judgment must be reversed for other errors hereinafter pointed out, we will not pause to determine whether the court's failure to file its findings and conclusions within the time prescribed by law was under the circumstances reversible error.

[2] We will not discuss appellant's assignments of error in detail. Granting that the vendor's lien note, upon which judgment of foreclosure was entered, contained a provision for the payment of attorney's fees in certain contingencies, and that the contingencies had happened, yet if the deed in which the lien was reserved did not show that the stipulation for attorney's fees was contained in the note appellant would not be charged with constructive notice thereof, and if then it had no actual notice of such stipulation, it would not be required, as a condition precedent to his right to redeem, to pay or offer, to pay the amount so stipulated to be paid as attorney's fees. Dalton v. Rainey, 75 Tex. 516, 13 S. W. 34; Powers v. Smith, 29 S. W. 416.

It follows, therefore, that if appellant had no such notice, and that it made tender

to appellee of an amount sufficient to pay off the principal and interest of the vendor's lien note, or of the judgment rendered thereon, it was entitled to a judgment for the lots upon his paying to appellee or into the registry of the court the amount of the principal and interest of the note. It appears that appellant paid into the registry of the court the sum of $500, and tendered the same or so much thereof as the court should find to be due in payment of the judgment in the proceedings to foreclose the vendor's lien, which tender appellee declined to accept. It appears from the recitals in the judgment that the court held that inasmuch as no previous tender had been made by appellant, and that as it had been offered an opportunity to pay the amount due on said judgment before the sale of the land thereunder and the execution of the deed to appellee, the tender when made in this case came too late and therefore appellee was entitled to a judgment for the lots, and appellant was not entitled to redeem.

[3] As before shown, the appellant, a junior incumbrancer, was not a party to the suit to foreclose the vendor's lien, and he was not therefore concluded by the judgment there rendered. McDonald v. Miller, 90 Tex. 309, 39 S. W. 89.

[4] Nelson's purchase of the land subject to the vendor's lien carried with it the right to pay to the holder of the note the amount with which the land was charged, and therby perfect his title. When he gave to Switzer a deed of trust thereon to secure to appellant the payment of his indebtedness to it, and when the trust deed was foreclosed and the land purchased under such foreclosure by appellant, there passed to it the same right to redeem that Nelson previously had.

[5] This suit having been brought by appellee to recover the lots, appellant had the right in this suit to plead his defenses and make or tender payment of the purchase money. Pierce v. Moreman, 84 Tex. 601, 20 S. W. 821. This he did, and asking equity he proceeded to do equity by offering under appropriate allegations to pay the purchase money and by depositing in the registry of the court a sum sufficient for that purpose. Under such circumstances, his equities can still be enforced. Ufford v. Wells, 52 Tex. 620. We think, therefore, that the court erred in holding that appellant had lost its right of redemption, and for this error the judgment must be reversed and the cause remanded with instructions to the district court to enter judgment for appellant for the land, after ascertaining the amount due for the purchase money, and that this sum when so ascertained be directed by the court to be paid out of the $500 deposited in the registry of the court by appellant, or, if said sum shall have been withdrawn by appellant, then that the judgment shall require the appellant to pay off and discharge the purchase money within a reasonable time, such time to be stated in the judgment, and further provide in the judgment that, if appellant shall fail to pay said amount within the time allowed, its right to redeem shall be forever barred, in which case the appellee shall be quieted in the title and possession of said lots.

Reversed and remanded, with instructions.