GRAY v. FENIMORE.   (No. 108–2955.)

(Commission of Appeals of Texas, Section A. Nov. 19, 1919.)

1. VENDOR AND PURCHASER &#9758;254(1)—VENDOR'S LIEN; CONNECTION OF VENDOR WITH RECORD TITLE.

Where grantee took a deed in blank and on sale by him filled in the name of his purchaser, the first grantee had an implied equitable lien, though not connected with the record title.

2. VENDOR AND PURCHASER &#9758;265(2)—VENDOR'S LIEN; RIGHTS OF INNOCENT PURCHASER FROM VENDEE.

In the absence of notice to the contrary, purchaser has the right to assume that the deed to his vendor correctly stated all of the unpaid consideration for which it was executed, and where a note described in the deed makes no reference to a provision for attorney's fees, in the absence of actual notice, judgment for foreclosure against the purchaser cannot include such attorney's fees.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Suit by N. Fenimore against Eli C. Gray. Judgment for defendant in the trial court was reversed and a judgment rendered for plaintiff by the Court of Civil Appeals (181 S. W. 513), and defendant brings error. Judgment of the Court of Civil Appeals reformed and affirmed.

H. E. Hoover, of Canadian, for plaintiff in error.

H. L. Adkins, of Higgins, for defendant in error.

SONFIELD, P. J. In February, 1912, Mark Bishop, the then owner of a tract of land in Lipscomb county, sold the land to Sam Wilson, executing a deed of conveyance reciting a consideration of $2,000 paid, with the name of the grantee left blank. Wilson thereafter sold the land to one John Coker, delivering to him the Bishop deed to Coker, with the name of the grantee remaining blank. Coker sold the land to one G. E. Ingham for a consideration of $550, evidenced by a note on its face a vendor's lien, due in two years from date, with 8 per cent. interest, and containing the usual 10 per cent. attorney's fee clause. The deed executed by Bishop was delivered by Coker to Ingham, and the name of Ingham was inserted as grantee in the deed. Ingham sold and conveyed the land to William B. Howe. This deed contained the following recitation:

"The above-described land is free, clear, and unincumbered, except as herein stated below as follows, to wit: One vendor's lien note for the sum of $550, dated Fargo, Oklahoma, December 7, 1912, due in two years from date thereof, bearing interest at the rate of eight per cent. per annum from date, and payable to one John Coker."

Howe conveyed the land to plaintiff in error, Eli C. Gray. At that time the deed from Ingham to Howe was of record in Lipscomb county. Previous to the purchase of the land by Gray from Howe, Coker, the owner of the $550 note executed by Ingham to him in part payment of the land, transferred the note by indorsement in blank to defendant in error, Fenimore.

N. Fenimore, plaintiff, brought this suit against Eli C. Gray, defendant, seeking foreclosure of the vendor's lien upon the land. The trial court peremptorily instructed the jury to return a verdict in favor of defendant. On appeal, the judgment of the trial court was reversed, and judgment rendered by the Court of Civil Appeals in favor of plaintiff, foreclosing the lien on the land for the full amount of the principal and interest of the note, and for attorney's fees as provided in the note. Fenimore v. Ingham, 181 S. W. 514.

---

&#9758;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] We are of opinion that the Court of Civil Appeals correctly held the land subject to plaintiff's lien, and that the judgment rendered was proper, except the inclusion therein of attorney's fees.

[2] Defendant had notice of the existence of the note and lien only as it was described in the recital in the deed from Ingham to Howe, set out above. The recital purported to describe the note fully, and made no reference to any stipulation for attorney's fees.

This case is ruled by Dalton v. Rainey, 75 Tex. 516, 13 S. W. 34, and the cases following that decision (Hall v. Read, 28 Tex. Civ. App. 18, 66 S. W. 809; Standard Paint & Wall Paper Co. v. Rowan [Civ. App.] 158 S. W. 251), in which it is held that, in the absence of notice to the contrary, a purchaser has the right to assume that the deed to his vendor correctly stated all of the unpaid consideration for which it was executed; and where the note described in the deed makes no reference to a provision for attorney's fees, in the absence of actual notice, judgment for foreclosure against a subsequent vendee cannot include such attorney's fees.

We are of opinion that the judgment of the Court of Civil Appeals should be reformed so as to exclude attorney's fees from the judgment of foreclosure in favor of plaintiff, and as so reformed affirmed.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.