**ANDERSON et al. v. WOMACK et al.**

No. 3950.

Court of Civil Appeals of Texas. Texarkana.

Feb. 5, 1931.

Rehearing Denied Feb. 19, 1931.

I. C. Underwood, of Marshall, for appellants.

Scott, Casey & Hall, Beard & Abney, and Y. D. Harrison, all of Marshall, for appellees.

LEVY, J. (after stating the case as above).

The appellant presents the point, in effect, that the appellees were not entitled to recover a judgment for the notes and for foreclosure of the lien because the notes and lien were absolutely barred and the revivals and renewals were after the expiration of the period of limitation and after the homestead rights had become vested. This proposition entirely depends upon whether or not the renewals in evidence were all of them legally void and ineffectual. It may be conceded for the moment in determining the point that, as contended by appellant, the written instrument of January 1, 1914, being executed by the husband alone, could not be legally regarded as reviving or restoring the barred lien and attaching its security to the purchase-money debt so as to defeat the wife's homestead rights, especially so since the passage of the act of 1905 absolutely barring in four years, not only the debt itself, but both the right to foreclose the lien and to recover the land by virtue of superior title remaining with the vendor. The act of 1905 (chapter 138, § 2), though, as amended by the act of 1913 (chapter 123, § 2) and the existing law in 1918 (Rev. St. 1911, art. 5694, as amended by Acts 1913, c. 123, § 2), did not in any wise undertake to prohibit and make void any written agreement made between the purchaser of the land and the holder of the purchase-money notes reviving the original purchase-money notes and restoring the lien after the bar of the statute. The continued right of renewal and revival of the purchase-money debt and lien after the bar of the statute was intended by the act to be in the original parties because such right was allowable as the subject-matter of contract by the original parties at the time of the act of 1905 (Howard v. Windom, 86 Tex. 560, 26 S. W. 483), and article 5522, R. S. of 1925, at a later time gives active expression of such continuing right, viz.:

"Provided the owner of the land and the holder of the note or notes may at any time enter into a valid agreement renewing and

extending the debt and lien, so long as it does not prejudice the rights of lienholders or purchasers subsequent to the date such liens became barred of record under laws existing prior to the taking effect of, or under this Act."

Therefore, the further fact appearing in the record may be taken as essential and controlling that the wife actually joined with the husband in the written instrument of December 28, 1918, which was duly acknowledged in the manner provided by law and placed of record. By that instrument both the husband and the wife admitted that the original purchase money was unpaid, made an acknowledgment of the amount unpaid, and unconditionally promised to pay the same, and made acknowledgment and expressly restored the lien on the homestead and attached its security to the unpaid purchase-money debt. Such agreement so made by the husband and wife was, it is believed, legally valid and sufficient as a new promise and acknowledgment operating to remove the bar of the statute and revive and restore the lien and attach its security to the debt and authorizing a foreclosure of the lien upon the homestead. Oklahoma Farm Mortgage Co. v. Bellamy (Tex. Civ. App.) 265 S. W. 1070; Id. (Tex. Com. App.) 278 S. W. 180; Watson v. Bank (Tex. Com. App.) 285 S. W. 1050; Sparks v. Summers (Tex. Civ. App.) 289 S. W. 714, 717; Power v. Westhoff (Tex. Civ. App.) 4 S.W.(2d) 274. The extensions appearing to have been executed subsequent to 1918, while made by the husband alone, were, nevertheless, made before the notes and liens (which were revived by the instrument of 1918) had become barred by the statute of limitation. It is not doubted that the husband alone may renew a purchase-money note before the bar of the statute of limitation in order to prevent the bar of the statute if no fraud is intended upon the rights of the wife. Jackson v. Bradshaw, 24 Tex. Civ. App. 30, 57 S. W. 878.

■ The next point made by the appellant is that the court erred in entering judgment on the verdict of the jury because special issues Nos. 6 and 7 were conflicting and not authorizing any judgment to be entered thereon. Issue No. 6 asks the jury to find "the amount due upon the vendor's lien notes Nos. 2, 3 and 4, for $214.50 each, dated May 16, 1903, bearing 10% interest from January 1, 1904, after allowing credits for all payments made." Issue No. 7 asks the jury to find "the amount due upon the note introduced in evidence before you dated January 1, 1914, due January 1, 1915, bearing 10% interest, in the sum of $944.00 after allowing as credits all payments made." The findings on their face appear distinct and without any conflict between them, and in submitting questions upon the two sets of notes, the error, if any, was harmless in view of the rec-

ord. The two sets of notes were offered in evidence merely as explanation of the revival and renewal of the original debt and the lien. The purpose of the two questions seems to have been in order to have the findings of the jury furnish the court the means by which the amount of the purchase-money debt could be readily determined. The petition of the appellee set up the entire transaction and relied for recovery upon the new promise and acknowledgment to pay the original purchase-money debt. A personal judgment was not sought against the wife, and only the amount of the renewed debt was sought to be proven and established. In fixing the amount due, the court directed judgment to be entered upon the finding of the jury as to the amount due as reflected by the three original notes executed for the original purchase money. In so doing, the court fully protected and removed the right of complaint against any liability for the $944 note previously signed by Wash Anderson as apparently reflecting the amount of the purchase money unpaid. The agreement of Martha Anderson as to the amount of revival was limited by the amount of the original purchase-money debt remaining at the time unpaid. Recovery on the $944 note executed by Wash Anderson would not have been authorized because Martha Anderson never signed such note, but even if the findings of the jury as to such note should have been taken as being the amount of the revival acknowledged by Martha Anderson, the error was prejudicial to appellee and not to appellants.

■ The appellant complains of entering judgment establishing the claim for $1,022.57 which includes $92.96 as attorney's fees. The objection urged is that the evidence in the trial showed the full payment of the notes and that the original purchase-money notes did not include attorney's fees. The evidence raised an issue for the jury as to the payment of the notes, and we do not feel authorized in setting aside their findings of fact. The point as to the attorney's fees was not raised, as appears, in the trial court nor by assignment here. Considered as a suggestion of fundamental error, it appears that the three original purchase-money notes did not provide for attorney's fees and the written instrument executed by Martha Anderson and her husband in 1918 could be regarded as having been intended as undertaking to pay the purchase money under the terms of the original notes. It seems that renewal notes may provide for attorney's fees and be secured by the lien in homestead cases only when the original purchase-money notes provide for such fees (Duller v. McNeill [Tex. Civ. App.] 163 S. W. 636, 637), and that no lien for attorney's fees is created in the renewal notes where the original purchase-money notes do not provide for attorney's

fees (Finley v. Wakefield [Tex. Civ. App.] 184 S. W. 755; Hayner v. Chittim [Tex. Civ. App.] 228 S. W. 279). The judgment is therefore modified so as to authorize the establishing of the claim for and to have foreclosure of the lien to pay only the principal and interest of the notes in the sum of $925.61. As the matter of attorney's fees was not urged before the trial court, so far as this record shows, the cost of appeal cannot be taxed against the appellee.

We have considered all the assignments of error presented by appellants and conclude that each of them should be overruled. As modified, the judgment is in all things affirmed.