**ELGIN et al. v. BANKS.**

**No. 8565.**

Court of Civil Appeals of Texas. San Antonio.

April 1, 1931.

Rehearings Denied April 29, 1931.

Morriss & Morriss, Reed Cozart, and Douglas & Black, all of San Antonio, for appellants.

Briscoe & Morris and Joe L. Hill, all of San Antonio, for appellee.

COBBS, J.

Appellee sued appellants, John E. Elgin and N. C. Sawyer, on a note for the principal sum of $400. The note was executed by G. H. Nagel in favor of Martin Nagel, and given as part payment for a certain lot, and was afterwards assigned by Martin Nagel to Thomas Y. Bank, appellee herein. The lot was sold by G. H. Nagel to John E. Elgin and wife, and they assumed the payment of the $400 note. Later John E. Elgin and wife sold the property to N. C. Sawyer, who assumed the payment of the said note.

Appellants filed general demurrer and general denial.

·When Martin Nagel deeded the property to G. H. Nagel he took a deed of trust from G. H. Nagel, which described the $400 note and stated that the interest was "payable semiannually; and after maturity at the rate of 10% per annum; containing the usual default and attorneys fees clauses." It also provided that, in case of failure to pay interest, the taxes, or keep the improvements insured, the whole debt would mature. And that in case of sale by the trustee all recitals as to nonpayment of money should be true and the maturity of the debt, etc.

The case was tried with a jury, and, upon their answers to special issues, judgment was entered against J. E. Elgin, and judgment was rendered against N. C. Sawyer on an instructed verdict.

There was no other answer except general demurrer and a general denial filed.

■■ Of course, terms which in law have a distinct and fixed meaning, which ordinarily a person would not understand, should upon request be explained by the court. In this case we do not think the court should have explained to the jury the meaning of the word "delivered," or defined the word "accept," as both have a well-defined and ordinary meaning and significance and needed no explaining to an ordinary jury. They were used in their ordinary sense and without any peculiar technical significance or meaning, which an ordinary person would fail to understand.

■■ We do not think there was anything in the argument of counsel that calls for a reversal. The objection to the argument should ordinarily be called to the court's attention at the time presented and not later. An argument as to what the law was, etc., may not be improper, but, if so, the trial court upon proper exceptions would control it, and instruct the jury not to consider it, but take the law from the court. We do not think there is anything in the exception that calls for a reversal, and it is overruled.

It would appear that the argument was harmless, and there was no reason to believe that it had a harmful effect. The verdict seems to be supported by sufficient legal evidence.

Of course where counsel has made improper, erroneous, and prejudicial argument and improper remarks and an improper statement of law to the jury, it is material error for the court to refuse to instruct the jury not to consider the same.

The court rendered judgment in favor of appellee against appellant for $483.50. Appellant contends on this appeal that by reason of an erroneous calculation of accrued interest the judgment is excessive in the sum of $3.58. Appellee does not challenge this contention, which is apparently well founded. The judgment will be reformed accordingly. This contention was not presented with such particularity in the trial court as to apprise the court of the specific items or amount of the alleged excess, and the costs of the appeal will be taxed against appellant as in case of affirmance.

The judgment will be reformed so as to decree recovery in favor of appellee against appellant for the sum of $479.92, with interest as decreed below, and as so reformed the judgment will be affirmed at the cost of appellant.

On Motion for Rehearing.

PER CURIAM.

Through inadvertence the appeal and brief of appellant N. C. Sawyer were not discussed or specifically disposed of in the original opinion.

■ Sawyer purchased a parcel of land from the Elgins, who had purchased it from Nagel. In the conveyances of the land from Nagel to the Elgins, and from the latter to Sawyer, the grantees in both instruments assumed to pay said note, as part consideration for the land. The note was described in both conveyances as, simply, a promissory note for the amount stated, with 8 per cent. interest, to mature on October 1, 1930, executed by G. H. Nagel to Martin Nagel, and dated October 1, 1927. This description omitted any mention of the provisions actually embraced in said note for increased or compound interest, or for acceleration of its maturity, or for attorney's fees, nor was any reference made to any instrument of record for a better or more complete description of the note, although the deed of trust given upon said land by G. H. Nagel to Martin Nagel, coincident with the execution of the note and to secure the payment thereof, did contain a complete descrip-

tion of the note, including the additional clauses omitted from the description in the deeds. But this deed of trust was not referred to in the deeds, directly or otherwise. Neither was it mentioned in appellee's petition below, and so was it excluded from the instruments from which it was agreed upon the trial that Sawyer's liability should be determined. No effort was made to recover by reason of said deed of trust, and appellee did not seek or obtain foreclosure of any lien upon the land. It is simply a plain suit to recover the amount of the note, with interest and attorney's fees, upon a declaration accelerating its maturity and rendering it due two and a half years before its maturity date. In this state of the case, it would seem under the authorities that Sawyer could not be bound, over his objections, by those provisions of the note not embraced in the description thereof in the deed of assumption. Dalton v. Rainey, 75 Tex. 518, 13 S. W. 34; Standard Paint & Wall Paper Co. v. Rowan (Tex. Civ. App.) 158 S. W. 251; Hall v. Read, 28 Tex. Civ. App. 18, 66 S. W. 809; Gray v. Fenimore (Tex. Com. App.) 215 S. W. 956.

In this appeal, however, appellant Sawyer seems to seek reversal upon the single contention that the note sued on was a materially different note from the one assumed by him, and therefore there could be no recovery thereon against him for any purpose or amount. This contention is not tenable. The whole record, and particularly the stipulation of the parties upon which the judgment is based, show that the note sued on is in fact the note assumed by appellant.

■■ The only effect that could have been given to the variance between the note in suit and the one assumed would be to limit the recovery to the liability fixed in the note as described in the deed of assumption. But the trial court nor this court may upon its own motion grant to appellant a character or degree of relief not sought by him in either court. Appellant nowhere complains of the judgment against him for attorney's fees, or for compounded interest (if that was in fact included in the judgment), or for a premature institution of the suit against him. He simply contends that there should have been no recovery against him for any amount, which contention must be denied. By his failure to at any time assert it, he has waived whatever right he had in the beginning to object to the recovery of attorney's fees, and to the premature institution of the suit against him.

The order affirming the judgment in all things will be adhered to, and the motions of both appellants will be overruled.