**NOVOSAD et al. v. SVRCEK et al.**

No. 8117.

Court of Civil Appeals of Texas. Austin.

May 8, 1935.

Rehearing Denied May 29, 1935.

John P. Ehlinger, of LaGrange, for plaintiffs in error.

Edw. H. Moss, of LaGrange, for defendants in error.

BAUGH, Justice.

The only issue involved in this case is whether a mortgage lien, executed by Knippel, owner of the land, in favor of Svrcek, dated November 15, 1928, on lands in Fayette county, Tex., is superior to a prior vendor's lien on said lands securing three notes, dated December 7, 1920, payable to Joe, Frank, and John Novosad, and originally maturing December 7, 1923, 1924, and 1925, respectively. This question depends upon whether or not the Novosad notes were barred by the four-year statutes of limitation (Vernon's Ann. Civ. St. art. 5527). The Novosads contend that the limitation statutes were tolled, and that their lien was continued as superior to that of Svrcek, by extension agreements made in writing with Knippel, who assumed payment of their notes when he purchased said lands in November, 1923; said agreements being duly acknowledged by Knippel and placed of record in Fayette county. The first agreement was dated December 22, 1926, and extended payment of said notes to "on or before" December 7, 1930, 1931, and 1932; respectively. The second agreement was dated January 22, 1931, and extended payment to "on or before" December 7, 1934, 1935, and 1937,

248

respectively. The extensions changed neither the amounts of the principal nor the interest rate of the original notes, and no additional consideration therefor was paid by Knippel.

The contention of Svrcek, which was sustained by the trial court, was and is that the extensions were unilateral, without consideration, and void. It is not controverted that, under the extensions, Knippel could have paid the notes at any time.

■ Svrcek, in order to protect his lien subsequently created, was entitled to plead limitation against the holder of a prior superior lien, if such plea were applicable, whether the original debtor asserted such plea or not. Cathey v. Weaver, 111 Tex. 515, 242 S. W. 447; Pecos Mer. Co. v. McKnight (Tex. Civ. App.) 256 S. W. 933 (writ ref); McMullen & Co. v. Hammann (Tex. Civ. App.) 34 S.W.(2d) 909.

■ And the trial court's judgment holding that the extension agreements pleaded were without consideration and consequently did not toll the limitation statutes was correct. No new notes were executed by Knippel. The notes were, by said agreements, extended for an indefinite time, in that Knippel was authorized, under such "on or before" maturity provision, to pay them at any time. In Benson v. Phipps, 87 Tex. 578, 29 S. W. 1061, 47 Am. St. Rep. 128, the Supreme Court, speaking through Judge Gaines, say: "When an extension for a definite period is agreed upon by the parties thereto, the contract is that the creditor will forbear suit during the time of the extension, and the debtor foregoes his right to pay the debt before the end of that time. The latter secures the benefit of the forbearance; the former secures an interest bearing investment for a definite period of time. One gives up his right to sue for a period, in consideration of a promise to pay interest during the whole of the time; the other relinquishes his right to pay during the same period, in consideration of the promise of forbearance. * * * *" This case also holds that, where "there was a mere promise by the creditor to forbear, without any corresponding promise on part of the debtor not to pay during the time of the promised forbearance," there is no consideration to support such an extension. To the same effect is Austin Real Estate & Abst. Co. v. Bahn, 87 Tex. 582, 29 S. W. 646, 30 S. W. 430; Ellerd v. Ferguson

(Tex. Civ. App.) 218 S. W. 605; Kirby v. American State Bank (Tex. Com. App.) 18 S.W.(2d) 599, 63 A. L. R. 1528; Tsesmelis v. Sinton State Bank (Tex. Civ. App.) 35 S.W.(2d) 451; Dickson v. Kilgore State Bank (Tex. Com. App.) 257 S. W. 867, 868. The extension agreements being without consideration, limitation consequently ran in Svrcek's favor against the notes and liens claimed by the Novosads, and the lien of Svrcek thereby became superior to their lien.

The judgment will therefore be affirmed.

Affirmed.