SEYDLER v. KEUPER et al.

No. 8180; Motion No. 8329.

Court of Civil Appeals of Texas. Austin.
Feb. 19, 1936.

Appellee's Motion for Rehearing Overruled
March 11, 1936.

Appellant's Motion for Rehearing Overruled
March 25, 1936.

Moss & Moss, of La Grange, for appellant.

H. R. Clark, of Schulenberg, and Marcus Schwartz, of Hallettsville, for appellees.

BAUGH, Justice.

This suit was brought by Mrs. Elsie Keuper, joined pro forma by her husband, as the owner and holder of two series of vendor's lien notes, for debt and foreclosure, against Mrs. Caroline Seydler, individually and as independent executrix of, and sole devisee under, the will of Rudolph H. Seydler, deceased, who had, during his lifetime, executed one series of said notes, and had assumed the payment of the other series sued upon. Judgment was rendered establishing the amount of the debt and foreclosing the lien on the property involved, denying any personal judgment against Mrs. Seydler, ordering the sale of the land, that the proceeds be applied to payment of costs, etc., and to the amount of the judgment, and directed that no levy be made to satisfy such judgment on any property of Mrs. Seydler other than the land in question. From this judgment Mrs. Seydler has appealed.

As defenses to the suit, Mrs. Seydler, in addition to general demurrer and general denial, pleaded limitation, homestead, certain defects in the extension agreements made by her husband with the holders of said notes, limitations in his assumption of a part of the notes, and that as to a part of said notes the suit was prematurely brought, in that some of them were not yet due.

The facts are undisputed, and show the following: On October 15, 1902, L. B. Kahanek and wife sold and conveyed to

Frank Kletschka the 121 acres of land here involved, who executed as part payment therefor his 14 vendor's lien notes for the sum of $250 each, due on or before October 15, 1903, to 1916, respectively. On March 19, 1910, Kletschka sold and conveyed said land to Rudolph H. Seydler, who assumed the payment of said notes, and in addition executed to Kletschka his 10 vendor's lien notes for the sum of $235 each, due on or before October 15, 1917, to 1926, respectively. On October 19, 1915, Paul Stuercke, as owner of the first series of said notes, entered into an extension agreement with Seydler, reciting "that the maker and assumer hereby covenant and agree that the maturity of said indebtedness and lien shall be extended from the said 15th day of October, 1917, to the 15th day of October, 1931, and the said R. H. Seydler hereby agrees that he will promptly pay off and discharge said indebtedness and satisfy said lien, at the new date of maturity thereof above mentioned, according to its face, tenor and effect."

On October 15, 1926, Stuercke and Seydler entered into another extension agreement with reference to these same notes, reciting the former extension, that there still remained unpaid of said indebtedness the sum of $2,250, being notes 6 to 14, inclusive, and extending the "time for the payment of the unpaid portion of said indebtedness * * * to mature as follows, to-wit: Note No. 6 to be due on or before October 15, 1930, and each note due one year thereafter, so note No. 14 will be due October 15, 1938. * * *"

On the same date, that is, October 15, 1926, Stuercke, as the legal owner and holder of the second series of 10 notes executed by Seydler in 1910, reciting that the first 5 of said notes had been paid, extended the maturity dates of these notes as follows: Notes 6, 7, 8, 9, and 10 to October 15, 1927, 1928, 1929, 1930, and 1931, respectively.

This suit was filed on November 12, 1931, and judgment rendered on May 29, 1934, on plaintiffs' second amended original petition, awarding plaintiff judgment on the 9 notes of the first series, the 5 notes of the second series, principal, interest, and attorney's fees, aggregating $5,089.51, and for foreclosure; hence this appeal.

■ The first contention made by appellant, raised by objection to the introduction of 4 of the first series of said notes in evidence, is that appellant did not show legal ownership of said 4 notes, in that there appeared as indorser thereof through whom Stuercke claimed an indorsement by "I. E. Clark, Executor of the will of William Thurman." Appellant contends that under article 3553, R.S.1925, and the holding in Webb v. Reynolds (Tex.Com.App.) 207 S. W. 914, it was incumbent upon appellee, plaintiff below, to prove that such executor had authority to sell said notes, either under the will of Thurman or under order of the probate court. Had there been no other proof in the record as to such ownership, this contention would be good. It affirmatively appears, however, from the extension agreements both of 1915 and 1926, that Stuercke had, prior to 1915, acquired these notes, and in said agreements Seydler had in writing recognized and admitted that Stuercke owned said notes, and, based upon such ownership by Stuercke, Seydler had twice in writing expressly agreed to pay same to him. Whatever may have been the irregularity or insufficiency of the indorsements thereof prior to the time Stuercke acquired them, the written recognition by Seydler in the extension agreements of 1915 and again in 1926 of Stuercke's ownership of said notes and his promise to pay same to Stuercke as extended would estop Seydler from thereafter questioning such ownership, and be binding on his estate.

■ Appellant also contends that the extensions of said notes were without valid consideration and that same were barred by limitation. This contention is not sustained. When Seydler purchased said land in 1910 and in the deed to him assumed the payment of the series of 14 notes theretofore executed by Kletschka, he became primarily liable thereon. These notes matured "on or before" the dates indicated. While all of them save one were past due when the extension agreement of October 19, 1915, was executed, and 9 of them were past due more than four years, under the holding of the Supreme Court in Citizens' Nat. Bank v. Graham, 117 Tex. 357, 360, 4 S.W.(2d) 541, limitation did not begin to run against them until the last of said series of notes matured. None of them were therefore barred when the extension agreement of 1915 was made. Regardless of this, however, the parties thereto could revive the notes and restore the lien by such extension agreement, though same were barred. Anderson v. Womack (Tex.Civ. App.) 35 S.W.(2d) 843. While it may not be clear whether this agreement extended

the entire indebtedness to October 15, 1931, or merely extended said notes so as to mature one note on October 15th of each year from 1917 to 1931, it is clear that such extension matured such notes on a definite date or dates, and not to "on or before" such named dates. This fact clearly distinguishes this case from the situation presented in Novosad v. Svrcek (Tex.Civ. App.) 84 S.W.(2d) 247, and provided a sufficient consideration for the extension on October 15, 1926, of the 9 notes of said series then remaining unpaid. And for like reason also the extension of the maturity dates of the 5 unpaid notes of the second series executed by Seydler from the "on or before" maturity dates thereof to the named future definite maturity dates fixed in such extension agreement would be valid and binding, and toll the statutes of limitation.

■ Nor do we sustain appellant's contention that Seydler did not assume, in the deed from Kletschka to him, the interest and attorney's fees provided for in said first series of notes executed by Kletschka to Kahanek. Part of the consideration recited in said deed was that Seydler "assume to pay 14 certain vendor's lien notes for $250 fully described in a deed from Louis B. Kahanek and wife to Franz Kletschka, said deed is dated October 15, 1902, and is duly recorded in the Deed Records of Fayette County, in Book vol. 72 on pages 360-361-362, which is made a part hereof and referred to for more perfect description," etc. The latter deed described said notes in detail, gave the rate of interest each bore, but did not recite that the notes provided for attorney's fees. This, however, was immaterial. Seydler was charged with notice of contents of the obligations whose payment he expressly assumed. They were specifically identified by record reference, and, having assumed their payment, he must be held to have obligated himself to pay them according to their terms. As stated by Judge Williams, where the same question of attorney's fees was raised, in Tinsley v. Houston Land & Trust Co. (Tex.Civ.App.) 36 S.W. 815, 816 (writ ref.), "he is chargeable, by his assumption of the note, with knowledge of its contents and will not be heard to say that he was ignorant of the extent of the liability which he assumed." See, also, Housman v. Horn (Tex.Civ.App.) 157 S. W. 1172.

At the time this suit was filed only one note, under the extension agreements above referred to, was more than four years past due, i. e., note No. 6 of the second series, maturing October 15, 1927. The last note of said series, however, did not mature until October 15, 1931, and, under the holding of the Supreme Court in Citizens' Nat. Bank v. Graham, supra, reaffirmed by said court in Hamman v. McMullen & Co., 122 Tex. 476, 62 S.W.(2d) 59, limitation would not run against any of said series of notes until the maturity of the last note of such series. While some confusion appears to have arisen from the ambiguity of the act of 1913 (chapter 123, § 2), and also because of certain changes and omissions made by the codifiers in the Revised Statutes of 1925, we find no departure from the rule announced by Judge Pierson in Citizens' Nat. Bank v. Graham, supra; and the Legislature in 1931 repealed articles 5521 and 5523, R.S.1925, and amended article 5520 in conformity with the holdings of the Supreme Court above cited. See Acts 1931, Reg.Sess., c. 136, § 1, p. 230, and section 2, p. 231 (Vernon's Ann.Civ.St. art. 5520). We conclude, therefore, that none of the notes sued upon were barred by limitation.

■ The next contention made is that, in so far as the court rendered judgment for the amount of the notes not yet due, with interest and attorney's fees thereon and for foreclosure, it was erroneous. This contention is sustained. So far as the 9 unpaid notes of the first series are concerned, we find no provisions in the deed of Kahanek in 1902, in the assumption of said notes by Seydler in 1910, in either of the extension agreements relative to these notes, nor in the notes themselves, which authorize the holder of such notes to accelerate the maturity of any of such notes upon failure of the maker to pay same when due, or upon his failure to pay the interest thereon. Under the extension agreement of 1926, only notes Nos. 6 and 7 of the first series were past due when this suit was filed. At the date of judgment herein, May 29, 1934, notes Nos. 8 and 9 of said series additionally had matured. But notes 10 to 14 of this series did not mature until October 15, 1934, to 1938, respectively. No interest had been paid on any of this series of notes since October 15, 1927. The second series of notes, however, were all past due. The plaintiff was

entitled to judgment, therefore, only for the principal of such notes as were past due, for all interest past due, for attorney's fees on such accrued indebtedness, and for foreclosure of the vendor's lien to that extent only. This error requires a reversal of the case. As to the proper judgment to be rendered upon another trial, and without prolonging this opinion by setting out a rule of guidance for the trial court, attention is directed to Warren v. Harrold, 92 Tex. 417, 49 S.W. 364, wherein the Supreme Court, speaking through Judge Gaines, disposes of the exact question here raised, and charts the course for the proper guidance of the trial court in the rendition of a proper judgment.

For the reasons stated, the judgment of the trial court is reversed and the cause remanded for another trial.

Reversed and remanded.

### On Motion for Rehearing.

In her motion for rehearing, appellant earnestly insists, among other things, that we were in error in holding that Seydler was liable for the attorney's fees provided for in the notes he assumed, for the reason that the deed to him did not disclose that such notes provided for attorney's fees, and that consequently he had no notice thereof and could not be held liable therefor. In support of this contention numerous cases are cited, including Dalton v. Rainey, 75 Tex. 516, 13 S.W. 34; Hall v. Read, 28 Tex.Civ.App. 18, 66 S.W. 809 (writ ref.); Standard Paint & Wall Paper Co. v. Rowan (Tex.Civ.App.) 158 S.W. 251; Gray v. Fenimore (Tex.Com.App.) 215 S.W. 956; and Elgin v. Banks (Tex.Civ.App.) 38 S.W.(2d) 149.

Because of apparent conflict between these cases and those cited in our original opinion on this question, we have deemed it advisable to distinguish them. A careful consideration of the cases above cited will disclose that in all except Elgin v. Banks there was no assumption by the vendee of the note sued upon. Either the subsequent vendee had purchased the property subject to the outstanding debt and lien or was asserting a claim against the land adverse to that claimed by virtue of the note and lien involved. In such cases it is manifest that a subsequent vendee who has not assumed the payment of, nor made himself primarily liable for, the outstanding purchase-money note against such land, is entitled to rely upon the record title to the land as disclosing the extent of the obligations against it. Consequently, there cannot be asserted against such subsequent vendee any additional obligation or burden upon the land other than that disclosed by the record upon which such vendee has the right to rely.

A different situation is presented, however, where such subsequent vendee assumes the payment of the outstanding note. In such case it becomes his duty to ascertain the extent of the obligation which he assumes in writing to discharge. Having assumed it, and having made himself primarily liable for its discharge, he cannot then be heard to say, as stated by Judge Williams in the Tinsley Case, that he was ignorant of the extent of the liability which he voluntarily assumes. That being true, the rule announced in our original opinion here is applicable to the facts of the instant case.

While it is stated in Elgin v. Banks, a case wherein a subsequent vendee did assume payment of a prior executed note, that "it would seem" that the rule announced in Dalton v. Rainey, and the other cases above cited, would control as to attorney's fees, not described in the deed but provided for in the note, that case was decided upon other grounds, and the comments of the court on this point were not essential to a disposition of the case. In that case the attorney's fees were recovered by the plaintiff, and the judgment of the trial court awarding same was affirmed on other grounds. Under these circumstances, we think there is no conflict between Elgin v. Banks and the holding in Tinsley v. Houston Land & Trust Co., supra, and subsequent cases following the rule therein announced.

The other contentions made in the motion have been disposed of in the original opinion, and we deem it unnecessary to write upon them further.

Motion for rehearing will therefore be overruled.

Overruled.