## HEINRICH v. WINKLER et al.

No. 8548.

Court of Civil Appeals of Texas. Austin.

Dec. 31, 1937.

Rehearing Denied Jan. 26, 1938.

Alvin P. Mueller, of Seguin, for appellant.

Moss & Moss, of LaGrange, for appellees.

BLAIR, Justice.

Appellees, Ad. L. Winkler, Ad. Kainer, Jr., and Chas. H. Winkler, Jr., filed this proceeding against appellant, Robert A. Hein-

rich, administrator of the estate of F. L. Heinrich, deceased, and the sheriff of Fayette county, Tex., in the nature of a bill of review seeking to set aside a default judgment of foreclosure and to enjoin the sheriff from selling certain real estate covered by the foreclosure judgment. The default judgment was rendered in the district court of Fayette county, in the case of said Robert A. Heinrich, administrator, against the appellees herein, in a suit upon two vendor's lien notes, and to foreclose such lien against the property here involved.

As ground for setting aside the default judgment, appellees alleged that after they were served with citation in Heinrich's suit, they had an agreement with him to continue said cause to the next term of court, if Ad. L. Winkler would deed the property involved to Heinrich, with the understanding that if the two outstanding notes were not paid by the fall of the year, then the deed would become absolute; but that if Winkler did secure the money and paid the notes, then Heinrich would deed the property back to him, free of the lien; that after making this agreement, but prior to the time agreed upon to execute the deed, Heinrich and his attorney, without the knowledge and consent of the appellees, took a judgment by default, and without notifying appellees, and in violation of their agreement to continue the case until the fall of the year. The evidence established this agreement, and the default judgment was taken without fault on the part of appellees.

As meritorious defense, appellee Ad. L. Winkler alleged that the two notes involved in the suit were barred by the statute of limitation. Appellant Heinrich replied that the two notes in suit were extended by written agreement, under which they were payable "on or before" October 1, 1933, and October 1, 1934. The trial court sustained the plea of limitation under the rule announced by this court in the case of Novosad v. Svrcek, 84 S.W.2d 247, holding that an extension agreement, whereby notes secured by a vendor's lien are made payable "on or before" the maturity date, is for an indefinite time and without consideration; and that such agreement is insufficient to toll the limitation statutes. This decision was later overruled by the Supreme Court, 102 S.W.2d 393, and appellees confess error with respect to the judgment canceling the two notes and vendor's lien upon the ground that they were barred by limitation.

Appellees Ad. Kainer, Jr., and Chas. H. Winkler, Jr., contend, however, that judg-

ment should not be rendered here for appellant on the notes and for foreclosure of the lien as prayed for by him, but that the cause should be reversed and remanded as to them, so that they might present their meritorious defense pleaded but not decided nor passed upon, because such defense and decision became unnecessary in view of the judgment declaring the notes and lien to be barred by limitation. We sustain this contention. The meritorious defense pleaded by these appellees was in substance as follows:

They alleged that the property against which the lien is sought to be foreclosed is about two acres of land with a dance hall, store building, and warehouse on a part of the premises; that about November 29, 1925, said appellees Ad. Kainer, Jr., and Chas. H. Winkler, Jr., purchased, with the consent and approval of and at the request of said F. L. Heinrich, now deceased, from appellee Ad. L. Winkler, the dance hall, store building, and warehouse on said premises, being the same as are now situated on the premises covered by the default judgment of foreclosure herein complained of, for the sum of $3,050; and at which time the said Ad. L. Winkler, in the presence of and with the consent and acquiescence of said lienholder, F. L. Heinrich, executed a bill of sale in favor of said two named appellees; and, that simultaneously with such transaction, said F. L. Heinrich received $1,051 of the proceeds of such sale, and which he agreed to and did apply in part payment of the purchase money due him from Ad. L. Winkler, and further agreed to from thenceforth release such portion of the property from the lien of the balance due on his purchase-money debt; and that as a part of the same transaction appellees Ad. Kainer, Jr., and Chas. H. Winkler, Jr., leased, for a period of 25 years, from said Ad. L. Winkler, the strip of land upon which said improvements were situated.

The two above-named appellees further alleged the facts above stated with respect to the continuance of the suit and agreement to execute the deed by Ad. L. Winkler; that but for such agreement they would have employed counsel and sought to have the judgment of foreclosure eliminate the dance hall, store building, and warehouse from the lien; and said appellees prayed for both legal and equitable relief as against the judgment of foreclosure and vendor's lien.

We, therefore, reverse the judgment of the trial court and here render judgment in favor of appellant against Ad. L. Winkler for the full amount of the two notes in suit, and for interest and attorney's fees; but with respect to the foreclosure of the vendor's lien securing the notes we reverse the judgment canceling said lien, and remand the cause for a trial of such issues with respect to said lien and its foreclosure as are raised by the aforementioned pleadings, and as may be sustained by proof, of appellees Ad. Kainer, Jr., and Chas. H. Winkler, Jr.

The judgment of the trial court is reversed and rendered in part, and reversed and remanded in part, in accordance with this opinion.

Reversed and rendered in part, and reversed and remanded in part.